UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLI SALINAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-20-1255-G |

## ORDER

Now before the Court is the Motion for Voluntary Dismissal (Doc. No. 27) filed by Plaintiff Kelli Salinas. Plaintiff requests that this action be dismissed without prejudice. Plaintiff further represents that the Motion is unopposed by Defendant. *See id.* at 1-2.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "Absent legal prejudice to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal quotation marks omitted). Nonexclusive factors for evaluation of legal prejudice include: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate[;]

nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.*

Considering the lack of objection to Plaintiff's request and the early stage of this litigation, the Court GRANTS Plaintiff's Motion for Voluntary Dismissal. The action is therefore DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered.

IT IS SO ORDERED this 21st day of January, 2022.

_____
CHARLES B. GOODWIN
United States District Judge